**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **MARIO TARMISE BROWN,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )   **Case No.: 2:11-CV-3578-RDP** |
| | ) |
| **WARDEN WILLIE THOMAS and** | ) |
| **THE ATTORNEY GENERAL** | ) |
| **FOR THE STATE OF ALABAMA,** | ) |
| | ) |
| **Respondents.** | ) |

**MEMORANDUM OPINION**

On June 11, 2012, the Magistrate Judge entered a Report and Recommendation on Mario Tarmise Brown's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  (*See* Doc. #17). Brown is currently serving a life sentence in a State of Alabama Correctional Facility following his conviction for intentional murder in the Circuit Court of Jefferson County, Alabama.  The petition was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) for preliminary review.  Upon consideration of the Report and Recommendation in light of the Objections, the undersigned finds that the Report and Recommendation of the Magistrate Judge is due to be adopted and accepted in its entirety.

**I.      Procedural History**

The Report and Recommendation (Doc. #17) was entered on June 11, 2012.  Objections were filed by Respondents on June 19, 2012.  While the Respondents did not object to the ultimate conclusion that the petition for the writ of habeas should be dismissed, they sought modification of the Report primarily on the ground that the Magistrate Judge incorrectly found that the Supreme Court's decision in *Martinez v. Ryan,* – U.S. – , 132 S. Ct. 1309 (2012), was applicable to the case.

(*See* Doc. #18 at 1-11).  On July 13, 2012, Petitioner filed Objections to the Recommendation of the Magistrate Judge.  (*See* Doc. #23).  Petitioner argued that *Martinez* was appropriately used to apply in Alabama to post conviction relief but objected to the reasoning of the Magistrate Judge in coming to the conclusion to deny the petition for habeas relief.  (*See* Doc. #23 at 3-12).

The matter was set for a telephone conference.  Thereafter, the case was stayed pending a decision by the Supreme Court in *Trevino v. Thaler*, 569 U.S. (2013) which would address and shed some light on the *Martinez* issue.  (*See* Doc. #27).  The parties requested additional briefing after *Trevino*, and briefing was complete on September 4, 2013.  (*See* Docs. #32-38).

## II.    Background

The background of this case, including the possible grounds for habeas relief, have been fully set forth in the Report and Recommendation of June 11, 2012.  They are adopted and incorporated as if fully set forth herein.

## III.   Analysis

One of Brown's claims for federal habeas relief is ineffective assistance of counsel.  He argues that ineffective assistance was rendered in three ways: (1) failing to object to the use of the capital murder indictment as the basis for the second trial; (2) failing to object to the second trial as a violation of his right to be free from double jeopardy; and (3) failing to impeach State witness Michael Mobley during the trial concerning his purportedly false testimony.  (Doc. #1 at 39).  The Magistrate Judge noted that Brown failed to raise Mobley's alleged perjury or his counsel's alleged failure to object to the perjury on his direct appeal, Rule 32 petition, or appeal from the denial of the Rule 32 petition.  (*See* Doc. #17 at 13).  However, the Magistrate Judge went on to find that the

merits of the Mobley claim were due to be considered because Brown qualified for an exception under *Martinez*.  (*See* Doc. #17 at 13).

It is here that Respondents take issue with the Report and Recommendation.  (*See generally* Doc. #18).  They argue that because Brown did not "give the courts one full opportunity to resolve [this issue] by invoking one complete round of the State's established appellate review process," he failed to exhaust the claim about Mobley, notwithstanding *Martinez*.  (Doc. #18 at 2) (*citing O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  The Magistrate Judge recognized that the Mobley issue had not been previously raised (either on direct appeal, Rule 32 petition, or from the denial of the Rule 32 petition), but reasoned that the claim would qualify under the exception introduced by *Martinez*.  (*See* Doc. #17 at 13).  Brown's procedural default occurred during the initial collateral review proceeding when he failed to raise the Mobley-specific ineffective assistance of counsel issue at the state level.  *See McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005) (holding that a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available).  Brown was not represented by counsel during the initial collateral proceeding.  (*See* Doc. #5-16 at 57-58).  Thus, the reasoning of *Martinez*, acknowledging that "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim," was found to apply here.  *Martinez*, 132 S. Ct. at 1318.

Now, with the additional guidance of the Supreme Court in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the undersigned is convinced that the Magistrate Judge was correct in determining that *Martinez* applies to the case at hand, notwithstanding Respondents' argument to the contrary.  (*See*

Doc. #34).  To be sure, *Trevino* extended *Martinez*, holding that where a state's "procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, [the] holding of *Martinez* applies[.]" *Trevino*, 133 S. Ct. at 1921.  While Alabama does not bar a defendant from raising ineffective assistance of counsel claims on direct appeal, in this case Brown was represented on appeal by one of his original trial attorneys, later appointed appellate counsel did not file an amended motion (and, in fact, appellate counsel was appointed *after* the time for filing a motion for a new trial had expired), and the trial court ruled on the motion before the trial transcripts had been prepared.  (*See* Doc. #18 at 7).  These specific circumstances made it "highly unlikely" for Brown to have a meaningful opportunity to raise the claim of ineffective assistance of counsel on appeal.  It is undisputed that Brown requested counsel at his Rule 32 proceedings and that his request was denied leaving him without counsel.  Therefore, in line with *Martinez* and *Trevino*, it was proper for the Magistrate Judge to consider the merits of the Mobley claim.

## IV.    Conclusion

Respondents objected to the Magistrate Judge's Report and Recommendation not as to the ultimate conclusion, but as to reasoning set forth therein.  After careful consideration, the undersigned finds that those objections are due to be and hereby are **OVERRULED**.

Petitioner objected to the Magistrate Judge's Report and Recommendation as to the reasoning contained therein on the double jeopardy and ineffective assistance of counsel claims and the Dennis Johnson affidavit issue.  After careful consideration, the undersigned finds that those objections are due to be and hereby are **OVERRULED**.

The court hereby **ADOPTS** the Report of the Magistrate Judge and **ACCEPTS** his Recommendations.  Accordingly, the petition for writ of habeas corpus relief (Doc. #1) is due to be dismissed with prejudice.  A separate order in accordance with this memorandum opinion will be entered.

  **DONE** and **ORDERED** this \_\_\_\_\_5th\_\_\_\_\_ day of November, 2013.

        **R. DAVID PROCTOR**
        UNITED STATES DISTRICT JUDGE