## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MARIO TARMISE BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **2:11-cv-03578-RDP-JEO** |
| | ) | |
| | ) | |
| WARDEN WILLIE THOMAS and | ) | |
| the ATTORNEY GENERAL OF | ) | |
| THE STATE OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

## <u>MEMORANDUM OPINION</u>

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254 by Petitioner Mario Tarmise Brown, an Alabama state prisoner.  (Doc. 1).[1]  On November 5, 2013, the court entered an order denying habeas relief and dismissing the action with prejudice.  (Docs. 39, 40).  In April 2014, the Eleventh Circuit entered an order denying a certificate of appealiabiliy ("COA") under 28 U.S.C. § 2253(c).  (Doc. 53).  On June 1, 2015, Brown filed a *pro se* motion seeking relief from the court's judgment pursuant to Federal Rule of Civil Procedure 60(b).  (Doc. 54).  For the reasons that follow, the court concludes that Brown's motion is due to be denied.

### I.

Brown is confined at the Bibb County Correctional Facility in Brent, Alabama.  He is serving a life sentence on his conviction for intentional murder following a jury verdict in the Circuit Court of Jefferson County, Alabama.  He filed this section 2254 habeas action in October 2011, while

---

[1]Citations to "Doc(s). ___" are to the pleadings, motions, and other documents in the court file, as compiled by the clerk of the court and numbered on the docket sheet.  Unless otherwise noted, poinpoint citations are to the page of the electronically filed document, which may not correspond to the pagination on the original "hard copy."

acting *pro se*.  Brown's primary arguments were that his rights under the Double Jeopardy Clause, as incorporated through the Due Process Clause, were violated based on the fact that he had been acquitted of capital murder in a previous trial and that, when faced with his retrial on non-capital, intentional murder, his counsel had been ineffective by failing to properly raise a double jeopardy objection.  (Doc. 1 at 5, 7, 22-44).

On June 11, 2012, the Magistrate Judge assigned to the case entered a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b), recommending that Brown's habeas petition be denied.  (Doc. 17).  More specifically as it relates to the filing here, the Magistrate Judge concluded that Brown's freestanding double jeopardy claim was procedurally defaulted because the Alabama courts had deemed it defaulted under state procedural rules insofar as it was not raised at trial or on direct appeal; therefore, it could not be raised for the first time in a postconviction petition under Alabama Rule of Criminal Procedure 32. (R&R at 8-12).  The Magistrate Judge further found that Brown's associated claims -- that his lawyers were constitutionally ineffective for failing to press double jeopardy-related arguments -- were also due to be denied under 28 U.S.C. § 2254(d) because they had been rejected on the merits by the Alabama Court of Criminal Appeals and such rejection was not based upon either an unreasonable determination of the facts or an unreasonable application of clearly established Supreme Court precedent.  (*Id.* at 12-16).

On June 21, 2012, two retained attorneys, Thomas M. Goggans and Aimee C. Smith, filed respective notices of appearance on Brown's behalf.  (Docs. 19, 21).  In July 2012, Goggans filed an objection to the Magistrate Judge's R&R.  (Doc. 23).  That objection focused primarily upon whether the procedural default of another ineffective-assistance claim (that did not involve a double jeopardy issue) was excused under *Martinez v. Ryan*, 566 U.S. 1 (2012).  (Id. at 1-12).  However,

the objection also contested the R&R's recommendation that Brown's double jeopardy claim, and his associated ineffective-assistance claims, were due to be denied. (*Id*. at 12-13). On March 4, 2013, Attorneys Goggans and Smith moved to withdraw, and the court granted their motion. (Doc. 30). On September 4, 2013, Brown filed a *pro se* supplemental objection to the R&R. (Doc. 38).

Ultimately, on November 5, 2013, the court entered a Memorandum Opinion and an accompanying Final Order that accepted the Magistrate Judge's findings and adopted his recommendation in its entirety (again, over objections from both sides) and dismissed the action with prejudice. (Docs. 39, 40). The court denied Brown's *pro se* motion for reconsideration. (Docs. 41, 45). Brown filed a notice of appeal (Doc. 48), but this court denied his motion for a COA. (Doc. 53). When the Eleventh Circuit did likewise in April 2014, Brown was precluded from appealing. (Doc. 53).

On June 1, 2015, the Clerk of this court docketed a *pro se* motion from Brown, dated May 28, 2015. (Doc. 54). In that motion, Brown seeks relief from the judgment pursuant to Rule 60(b)(6). (Doc. 54 at 1). Brown argues that he is entitled to relief on the ground that he was denied effective assistance of counsel during his section 2254 habeas proceedings in this court. (*Id.* at 3-12). More specifically, Brown complains that his attorneys, Goggans and Smith, did not properly present and support his double jeopardy claim because they "did not investigate all possible avenues of defense," failed to move this court for an order requiring the State to produce mistrial transcripts, and failed to argue that the state-law procedural rule used to bar the claim was not firmly established and regularly followed.

## II.

Rule 60(b) grants federal courts broad authority to relieve a party from a final judgment "upon motion and just terms." Fed. R. Civ. P. 60(b).  However, a Rule 60(b) motion which is filed in a habeas corpus action and which is subject to section 2254 presents special problems because under 28 U.S.C. § 2244(b) a petitioner is prohibited from bringing a second or successive section 2254 application unless he has first obtained an authorizing order from the appropriate court of appeals, which are available only in limited circumstances.  *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005); *Franqui v. Florida*, 638 F.3d 1368, 1370-71 (11th Cir. 2011); *Williams v. Chatman*, 510 F.3d 1290, 1294 (11th Cir. 2007).   Thus, in order to prevent a habeas petitioner from circumventing the requirements of section 2244(b), if a Rule 60(b) motion contains one or more "claims" for habeas relief, it must be deemed a second or successive section 2254 application over which a district court lacks jurisdiction absent an authorizing order.  *Gonzalez*, 545 U.S. at 530-33; *Franqui*, 638 F.3d at 1371-72.  Having said that, Rule 60(b) can be properly used to assert that "a previous ruling which precluded a merits determination was in error–for example of denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."  *Gonzalez*, 545 U.S. at 532 n.4; *see also id.* at 533 (concluding that a petitioner's Rule 60(b) motion arguing that the federal courts misapplied the statute of limitations set out in 28 U.S.C. § 2244(d) was not due to be treated as a successive habeas petition); *Lugo v. Secretary, Fla. DOC*, 750 F.3d 1198, 1210 (11th Cir. 2014); *Arthur v. Thomas*, 739 F.3d 611, 631 n.19 (11th Cir. 2014).

Brown's Rule 60(b) motion attacks this court's determination that his freestanding double jeopardy claim was procedurally defaulted based on his failure to timely raise it in state court. Specifically, Brown contends that such ruling resulted from the failure of his habeas counsel to

properly investigate and present the claim in this court so as to overcome the procedural bar pled by the State. Because Brown's argument is directed towards the procedural default, "a previous ruling which precluded a merits determination" of the double jeopardy claim, *Gonzalez*, 545 U.S. at 532 n.4, his Rule 60(b) motion is not due to be treated as a successive § 2254 application. *See Osborne v. United States*, 559 F. App'x 807, 809 (11th Cir. 2014); *Diggs v. Mitchem*, 2014 WL 4202476, at *1 (S.D. Ala. Aug. 22, 2014). Therefore, the court has jurisdiction to hear the motion.

## III.

Having answered the question of whether this court has jurisdiction, the court turns to the merits. It is plain that Brown's Rule 60(b) motion is due to be denied. Brown seeks relief under Rule 60(b)(6), "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (quotations omitted); *see also Doe v. Drummond Co.*, 782 F.3d 576, 612 (11th Cir. 2015). "The party seeking relief has the burden of showing that absent such relief, an extreme and unexpected hardship will result." *Griffin*, 722 F.2d at 680. In addition, a Rule 60(b)(6) motion must be filed within a "reasonable time." Fed. R. Civ. P. 60(c). Whether to grant relief under Rule 60(b) is a matter committed to the discretion of the district court. *Lugo*, 750 F.3d at 1207. After careful review, the court concludes that Brown's motion is due to be denied for the following reasons.

First, Brown's Rule 60(b)(6) motion is untimely. This court entered its judgment on November 5, 2013. Brown did not file his instant motion, which he signed and dated May 28, 2015, until more than a year-and-a-half later. Brown offers no explanation or reason for that inordinate delay, and the court cannot discern one. Thus, the motion is due to be denied on this ground alone.

Second, even if the motion were timely, it is without merit. "It is not an abuse of discretion for the district court to deny a motion under Rule 60(b) when that motion is premised upon an argument that the movant could have, but did not, advance before the district court entered judgment." *Lugo*, 750 F.3d at 1212 (quoting *Maradiaga v. United States*, 679 F.3d 1286, 1294 (11th Cir. 2012)). Thus, insofar as Brown's motion raises arguments that were or could have been made before the entry of judgment as it relates to the court's determination that his double jeopardy claim was procedurally defaulted, it is due to be denied. As to Brown's new contention that the judgment should be reopened based on the ineffectiveness of his retained counsel in this court, Brown's allegations fail to demonstrate that his counsel's performance was deficient or that Brown suffered resulting prejudice as required to establish a claim under the Sixth Amendment standards established in *Strickland v. Washington*, 466 U.S. 668 (1984).

Third, even assuming that Brown could satisfy the prejudice standard under *Strickland*, that would not entitle him to relief under Rule 60(b). "Because a lawyer is the agent of his client, a federal habeas petitioner—who does not have a constitutional right to counsel—is ordinarily bound by his attorney's errors." *Cadet v. Florida DOC*, 742 F.3d 473, 477-78 (11th Cir. 2014); *also cf.* 28 U.S.C. § 2254(I) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). As a result, a petitioner cannot claim that he was denied effective assistance of counsel in a post-conviction proceeding, and run-of-the-mill attorney errors and omissions in such proceedings do not constitute extraordinary or exceptional circumstances justifying relief under Rule 60(b). *See Saunders v. United States*, 380 F. App'x 959, 964 (11th Cir. 2010); *Crawford v. Mitchem*, 2013 WL 6331673, at *1-2 (M.D. Ala. Dec. 4, 2013); *Towery v. Ryan*, 673 F.3d 933, 941 (9th Cir. 2012); *cf.*

*Cadet*, 742 F.3d at 481-82 (absent a showing of attorney abandonment, attorney errors in postconviction proceedings, "however, gross or egregious," do not qualify as an "extraordinary circumstance" for purposes of equitable tolling of the limitations period for filing a § 2254 application). Thus, even assuming his prior habeas-counsel made errors (and the court is not at all convinced that is the case), Brown is not entitled to the relief he seeks.

## IV.

For the reasons stated above, Brown's Rule 60(b) motion (Doc. 54) is due to be denied. Also, under 28 U.S.C. § 2253(c)(1), a COA is required to appeal a "final order" denying relief in a § 2254 habeas action. Under Rule 11 of the Rules Governing § 2254 Cases, a district court is to issue or deny a COA when it enters a final order adverse to a petitioner. The Eleventh Circuit has recognized that, in § 2254 habeas cases, an order denying a motion under Fed. R. Civ. P. 60(b) is a "final order" for purposes of COA requirements. *Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2006). It is thus appropriate to address at this time whether Brown might be entitled to a COA as it relates to the denial of his instant motion. Upon consideration, the court concludes that a COA is due to be denied because his motion does not present issues that are debatable among jurists of reason. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Brown may, of course, seek a COA in the Eleventh Circuit. *See* Fed. R. App. P. 22(b).

A separate order will be entered.

**DONE** and **ORDERED** this _____4th_____ day of August, 2015.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE